```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

RAUL ROSA,                     )
                               )
          Petitioner,          )
                               )
     v.                        ) C.A. No. 04-12660-DPW
                               )
JOSEPH McDONOUGH, SHERIFF      )
AND DEPARTMENT OF HOMELAND     )
SECURITY,                      )
          Respondents.         )
```

MEMORANDUM AND ORDER

For the reasons stated below, the motion for a stay of removal is denied.

BACKGROUND

On December 20, 2004 Petitioner Rosa, through his counsel, commenced this action by filing Motion for Stay of Removal, accompanied by a one-and-a-half page Memorandum in support of the Motion. Petitioner, a Cape Verdean, invoking Arevelo v. Ashcroft, 344 F.3d 1 (1st Cir. 2003), claims that he should not be removed because there were defects in the underlying convictions in the Dorchester District Court, for which he received two concurrent eighteen (18) month sentences, and which prompted removal proceedings. His counsel reports that he "has an appointment in the Dorchester District Court to review the audio-transcripts and docket sheets" of his case. Memorandum, p. 1. Petitioner claims he was not given proper immigration warnings during his plea colloquy and that he had ineffective assistance of counsel, who failed to call a key witness to testify. He further claims that a key witness will now testify that Petitioner

never struck the police officer in question.

Petitioner further claims that Petitioner's two criminal acts occurred at ages 19 and 21, and after his second arrest, he had been a model probationer and had been gainfully employed at Massport. He further alleges he has a loving family, and does not pose a threat of harm.

## ANALYSIS

I. The Pendency of Collateral Attack, Let Alone Unrealized Steps to Mount Such An Attack Does Not Affect the Validity of a Removal Order

It appears that Rosa was ordered removed based on a criminal conviction(s), but he provides no factual details about the conviction(s). He does not state when his removal proceedings commenced, nor does he indicate whether judicial review, which is customarily in the Court of Appeals, as Arevelo illustrates, was ever sought. From the sparse factual information provided, it appears that Rosa is challenging his removal order based on "possible" post-conviction motions for collateral relief rather than any direct appeal of the underlying criminal conviction forming the basis for his removal order. There is no indication that there are any pending motions for post-conviction relief, only the statement that counsel plans to review transcripts and dockets.

Under the applicable definition of "conviction" in the INA,[1] the existence of efforts at post-conviction relief do

---

[1] The First Circuit has held that the new definition of "conviction" in the INA must be retroactively applied. See,

not affect the finality of the conviction forming the basis for an alien's removal. Prior to the enactment of IIRIRA,[2] there was no statutory definition for "conviction" in the Immigration and Nationality Act ("INA"), and a conviction generally was considered "final" for purposes of immigration law if direct appellate review of the conviction had either been waived or exhausted. White v. INS, 17 F.3d 475, 479 (1st Cir. 1994). The new definition of "conviction" codified at Section 1101(a)(48)(A),[3] left

---

e.g., Griffiths v. INS, 243 F.3d 45, 50 (1st Cir. 2001) (Congress intended for the new definition of conviction to be applied retroactively to apply to convictions entered before the date of IIRIRA's enactment); accord Moosa v. INS, 171 F.3d 994, 1007 (5th Cir. 1999) (same); Montenegro v. Ashcroft, 355 F.3d 1035, 1037 (7th Cir. 2004) (same).

[2] IIRIRA amended the definition of "conviction" by adding Section 1101(a)(48)(A). A "conviction" is now defined as a "formal judgment of guilt" of the alien entered by a court. 8 U.S.C. § 1101(a)(48)(A). The Seventh Circuit has held that IIRIRA eliminated any finality requirement for a conviction and has affirmed a district court denial of a habeas corpus challenge to a petitioner's removal even where a direct appeal of the underlying conviction was still pending. Montenegro v. Ashcroft, 355 F.3d 1035, 1037 (7th Cir. 2004) (holding that IIRIRA eliminated the finality requirement for a conviction even for aliens who were found guilty before April 1, 1997).

[3] Section 1101(a)(48)(A) states:

The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where--

   (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted to sufficient facts to warrant a finding of guilt, and

   (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be

unchanged the well-settled rule that the pendency of post-conviction collateral proceedings does not affect the validity of a conviction forming the basis for removal and are not a basis for habeas relief.  See, e.g., Plummer v. Ashcroft, 258 F. Supp. 2d 43, 45 (D. Conn. 2003) (§ 2241 petition could not be used to challenge alien's underlying state conviction, nor could alien litigate the consequences of any possible future determination of invalidity of the state conviction; pending § 2254 habeas petition did not affect finality of "conviction" under pre-IIRIRA or post-IIRIRA INA provisions); Montilla v. INS, 926 F.2d 162, 164 (2d Cir. 1991) (pre-IIRIRA drug conviction was considered final and a basis for deportation when appellate review of the judgment not including collateral attacks had become final).  Cf. Contreras v. Schiltgen, 122 F.3d 30, 32-33 (9th Cir. 1997) (INS not required to determine whether conviction is valid; validity of conviction could only be tested in an action against the state); Drakes v. INS, 205 F. Supp. 2d 385, 390 (M.D. Pa. 2002) (alien could not raise collateral challenge to state convictions in § 2241 petition), aff'd, 330 F.3d 600 (3rd Cir. 2003) ("There is no meaningful difference between a collateral attack on an expired state conviction underlying removal proceedings and a collateral attack on an expired state

---

imposed.
8 U.S.C. § 1101(a)(48)(A).

criminal conviction underlying an enhanced sentence."). Thus, even if Petitioner Rosa had pending efforts for post-conviction relief, this would not affect the validity of his conviction for purposes of his removal order. <u>Plummer</u>, 258 F. Supp. 2d at 45. Certainly an "appointment" by his counsel to explore whether to make such an effort has no greater effect.

    II. <u>No Basis For Injunctive Relief Is Alleged</u>

For the reasons stated above, I am unable to determine that petitioner has a sufficient likelihood of success in prevailing on the merits such that an order enjoining his removal should issue, and I deny petitioner such relief at this time. <u>American-Arab Anti-Discrimination Comm. v. Ashcroft</u>, 241 F. Supp. 2d 1111, 1113 (C.D. Cal. 2003) (denying TRO for failure to demonstrate likelihood of success on the merits; existence of a pending application for lawful status does not confer a right to stay or to defer removal); <u>see Arevalo</u>, 344 F.3d at 9 (conventional preliminary injunction test applies to requests for stays of deportation).

                          CONCLUSION

    ACCORDINGLY, (1) the motion for a stay of removal is denied.

SO ORDERED.

<u>December 23, 2004</u>            <u>/s/ Douglas P. Woodlock</u>

                                5

```
DATE                                      DOUGLAS P. WOODLOCK
                                       UNITED STATES DISTRICT JUDGE
```