UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RAUL ROSA,                          )
                                    )
            Petitioner              )
                                    )          Civil Action No.
      v.                            )          04cv12660-DPW
                                    )
JOSEPH MCDONOUGH, ET AL.            )
                                    )
            Respondent[1]           )

RETURN, MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS, AND OPPOSITION TO STAY REQUEST

Respondent moves for dismissal of this action because under First Circuit law petitioner has procedurally defaulted any claim for judicial review of his removal order by failing to avail himself of the statutorily prescribed direct review at the Circuit Court. Rivera-Martinez v. Ashcroft, 389 F.3d 207 (1st Cir. 2004). Because his claims are defaulted, the Court should also deny any stay request.

FACTS AND BACKGROUND

Petitioner is a native and citizen of Cape Verde who was admitted to the United States as a lawful permanent resident on May 18, 1988. On February 9, 1999, petitioner was convicted in Dorchester District Court, Dorchester, Massachusetts, of the

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts. See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

offense of Assault and Battery on A Police Officer, in violation of Massachusetts law, and on August 11, 2000, petitioner was sentenced to 18 months imprisonment.

Removal proceedings before the Immigration Judge were initiated based upon issuance of an administrative Notice to Appear dated February 14, 2001, as amended on October 16, 2001, charging petitioner with removability under Immigration and Nationality Act ("INA") section 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii) (alien convicted of an "aggravated felony" as defined at 8 U.S.C. § 1101(a)(43)(F) (crime of violence for which a term of imprisonment ordered of at least one year)). Removal hearings were held over several dates, and by Oral Decision dated February 12, 2004, the Immigration Judge found petitioner removable as charged and ordered him removed to Cape Verde.   See Attachment A, Oral Decision of the Immigration Judge, dated February 12, 2004.

Petitioner appealed that removal order to the Board of Immigration Appeals ("BIA"), which affirmed the order of the Immigration Judge by decision dated July 12, 2004.   See Attachment B, Decision of the Board of Immigration Appeals, dated July 12, 2004. Petitioner failed to seek direct judicial review of the July 12, 2004, BIA order at the First Circuit Court of Appeals as prescribed by statute, though he could

have.[2]  See 8 U.S.C. §§ 1252(b)(1) (directing that "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal"), and 1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.").

Petitioner next filed a Motion to Reopen the BIA removal order based upon his claim of having filed a motion for new trial in his criminal case, and by decision dated November 16, 2004, that motion was denied by the BIA.  See Attachment C, Decision of the Board of Immigration Appeals, dated November 16, 2004. Again, petitioner failed to seek judicial review of the BIA denial of the motion to reopen at the First Circuit within 30 days of the entry of the BIA order, as he could have if he disputed the BIA conclusion that petitioner's conviction remained "valid for immigration purposes." Attachment C, Decision of the Board of Immigration Appeals.

After the expiration of the statutory 30-day window for filing for prescribed judicial review at the First Circuit, petitioner filed the instant "Motion for Stay of Removal", on

---

[2]  If petitioner disputed the administrative determination that he was properly found to be removable upon his aggravated felony conviction, he could have and should have sought judicial review at the First Circuit.  See Sousa v. INA, 226 F.3d 28, 31 (1st Cir. 2000) ("INA section 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)] is not a bar to our considering Sousa's claim that he is not removable as an aggravated felon.").

December 20, 2004. However, because petitioner has failed to
seek the statutorily prescribed direct judicial review of
either the BIA's July 12, 2004, removal order, or the BIA's
November 16, 2004, motion denial, petitioner has procedurally
defaulted on any claim he could have and should have raised on
a petition for review at the First Circuit, and therefore
habeas corpus review of his claims is unavailable.

### ARGUMENT

I.   PETITIONER'S CLAIMS ARE PROCEDURALLY DEFAULTED BY HIS
     FAILURE TO SEEK DIRECT REVIEW OF EITHER THE BIA'S JULY 12,
     2004 REMOVAL ORDER OR THE BIA'S NOVEMBER 16, 2004 MOTION
     TO REOPEN DENIAL.

In Rivera-Martinez v. Ashcroft, 389 F.3d 207 (1st Cir.
2004), the First Circuit affirmed on procedural default grounds
a district court's dismissal of a habeas petition seeking to
challenge a removal order.  Like the instant petitioner, the
alien habeas petitioner in Rivera-Martinez was not statutorily
barred from seeking the prescribed direct view of his final
order of removal at the circuit court of appeals, but
nonetheless abandoned that avenue and instead attempted to seek
review of his removal order in habeas corpus proceedings before
the district court.

Judge Woodlock in the district court below in Rivera-
Martinez dismissed the petition on the basis that petitioner
was required to have availed himself of the statutorily
prescribed direct review at the circuit court by filing a
petition for review there within 30 days of the date of entry

4

of his final order of removal.  See 8 U.S.C. §§ 1252(b)(1)
(directing that "[t]he petition for review must be filed not
later than 30 days after the date of the final order of
removal"), and 1252(b)(2) (prescribing venue in review of a
removal order, "[t]he petition for review shall be filed with
the court of appeals for the judicial circuit in which the
immigration judge completed the proceedings.").

Judge Woodlock reasoned that "because there exists a
specific statutory review process for such claims, there is no
basis to invoke habeas corpus jurisdiction to provide a
duplicative review process or vary that which Congress has
provided", and that the petitioner "may not escape the
limitations period Congress has established for the route to
judicial review by seeking to develop in a leisurely manner an
alternative path that Congress has not authorized." Rivera-
Martinez v. Ashcroft, 389 F.3d at 208-9, quoting district
court's Memorandum and Order dated April 30, 2003, Rivera-
Martinez v. Ashcroft, No. 03cv10268-DPW (D. Mass. 2003).

The First Circuit in Rivera-Martinez affirmed the district
court habeas dismissal, holding that an alien who "could have,
but did not press [his claim] on statutory direct review" at
the Circuit Court of Appeals, had "procedurally defaulted" on
his claim so as to make habeas corpus review of that same claim
unavailable.  Rivera-Martinez v. Ashcroft, 389 F.3d at 209.

The circuit court's Rivera-Martinez decision declared that because the petitioner had filed a petition for writ of habeas corpus instead of filing a petition for statutorily prescribed direct review at the circuit court, "this is a straightforward case of a petitioner attempting to use habeas to resurrect a claim that could have been and should have been presented on direct review." Id. at 210.

The First Circuit noted that it had "previously recognized that principles of procedural default apply in the immigration law context", citing Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001), and Mattis v. Reno, et al., 212 F.3d 31, 41 (1st Cir. 2000), abrogated on other grounds, 533 U.S. 289 (2001), and that "we see no reason to doubt the correctness of the district court's decision to apply those principles to reject Rivera's petition." Rivera-Martinez v. Ashcroft, 389 F.3d at 210. Accordingly, the First Circuit affirmed the district court's dismissal of the habeas corpus petition on a procedural default analysis.

Respondent submits that Rivera-Martinez v. Ashcroft, supra, is controlling in the instant case. Respondent has already attempted to reopen his removal case at the BIA upon a claim of seeking a new trial in his criminal case, and so the similar or identical claims he makes now in this Court were already raised and rejected by the BIA's November 16, 2004, motion to reopen denial. See Attachment C. Therefore because

petitioner could have and should have but did not seek the
statutorily prescribed direct review of either of the BIA
orders at the First Circuit, petitioner has procedurally
defaulted on such review, and habeas corpus review of his
claims is unavailable.

Accordingly, the Court should dismiss the action as
procedurally defaulted under Rivera-Martinez, supra.

II.  BECAUSE HABEAS CORPUS REVIEW IS UNAVAILABLE, THERE IS NO
     LIKELIHOOD OF SUCCESS ON THE MERITS AND THE COURT SHOULD
     DENY THE STAY REQUEST.

In the instant case habeas review of petitioner's claims
is unavailable because First Circuit has held that an alien who
"could have, but did not press [his claim] on statutory direct
review" at the Circuit Court of Appeals, has "procedurally
defaulted" on his claim so as to make habeas corpus review of
that same claim unavailable, Rivera-Martinez v. Ashcroft,
supra, at 210, the Court should deny the stay request.  Because
habeas corpus is unavailable as a result of petitioner's
procedural default, there is no likelihood of success on the
merits.  See Arevalo v. Ashcroft, 344 F.3d 1, 9 (1st Cir.
2003)("in sum, we hold that the applicable standard for
evaluating requests for stays pending review of final orders of
removal is the four-part algorithm used for preliminary
injunctions"); Lancor v. Lebanon Hous. Auth., 760 F.2d 361,
362 (1st Cir. 1985) ("[o]f these four factors, the
probability-of-success component in the past has been regarded

by us as critical in determining the propriety of injunctive relief"); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)(the "sine qua non" of the preliminary injunction test is whether the movant is likely to succeed on the merits).

Moreover, petitioner's averred pursuit of collateral post-conviction relief is immaterial to the enforceability of his outstanding removal order. It is well-settled that a conviction is final for purposes of immigration law if direct appellate review of the conviction has either been waived or exhausted. White v. INS, 17 F.3d 475, 479 (1st Cir. 1994); Montilla v. INS, 926 F.2d 162, 164 (2d Cir. 1991); Agero v. McElroy, 901 F.Supp. 146, (S.D.N.Y. 1995). A conviction is also final even though "subject to collateral attack", Morales-Alvarado v. INS, 655 F.2d 172, 175 (9th Cir. 1981) (cited in White v. INS, supra, 17 F.3d at 479. Because the pendency of a post-conviction collateral effort does not affect the finality of a conviction underlying a removal order, petitioner's state court efforts -- or rather his expressed intentions to investigate the viability of such efforts -- afford no basis on the instant petition for an injunction against the respondent.

Again, petitioner raises no challenge to his removal order, its validity or its enforceability. It follows that even if petitioner's claims were not procedurally defaulted, the petition therefore also fails to state any "colorable claims of legal error" within the scope of habeas corpus review, Carranza

v. INS, 277 F.3d 65, 71 (1st Cir. 2002), and so is barred by 8 U.S.C. § 1252(g).

Accordingly, the petition should be dismissed and all relief denied.

### CONCLUSION

Because petitioner failed to avail himself of the prescribed direct judicial review of his removal order, habeas corpus review is unavailable to him, Rivera-Martinez v. Ashcroft, supra, and the Court should deny the stay request, dismiss the petition, and deny all other relief.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

### CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on January 14, 2005.

s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

ATTACHMENT A

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Boston, Massachusetts

File No.  A 41 958 275                    February 12, 2004


In the Matter of


RAUL MONTEIRO ROSA,              )        IN REMOVAL PROCEEDINGS
A/K/A/JORGE ROSA                 )
                Respondent

CHARGE:      Section 237(a)(2)(A)(iii) of the Immigration and
             Nationality Act - convicted of aggravated felony.


APPLICATIONS:  Termination of proceedings.


ON BEHALF OF RESPONDENT:        ON BEHALF OF DHS:

Mark D. Cooper, Esquire         Richard Neville, Esquire
15 Port Square                  Assistant Chief Counsel
Boston, Massachusetts   02108   JFK Federal Bldg. - Rm 425
                                Government Center
                                Boston, Massachusetts   02203


## ORAL DECISION OF THE IMMIGRATION JUDGE

        The respondent in this case is a 25 year old, single,

native and citizen of Cape Verde.  Removal proceedings were

instituted against him when the Immigration and Naturalization

Service (now the Department of Homeland Security) issued a Notice

to Appear on February 14, 2001, as supplemented and amended by a

Form I-261, additional charge of deportability document, issued

on 10/16/01, charging the respondent with being removable from

the United States on the basis of the charge set forth above.

(Exhibits 1 and 1-A).  The respondent, through counsel, admitted

the truth of factual allegations one through three and denied all

BSK

of the other allegations in the Notice to Appear and additional charge of deportability. Initially the respondent indicated that he would consider submitting an application for political asylum, withholding of removal and Convention Against Torture, however those applications for relief were withdrawn by counsel for the respondent. (Exhibit 2).

The documentary evidence of record establishes that on February 9, 1999, the respondent admitted to sufficient facts for the offense of assault and battery on a police officer. At the same time the respondent also admitted sufficient facts to several other charges which were concurrently lodged against him. Those charges included disorderly person, resisting arrest, and yet another account of assault and battery on a police officer. The documentary evidence of record further establishes that on August 11, 2000, the respondent was found to be in violation of the terms and conditions of his continuance without a finding which was granted to him on February 9, 1999, and a guilty finding was entered with respect to all of the charges against the respondent. The respondent was sentenced to 18 months in the House of Correction. (Exhibit 5).

I do find that the respondent has been convicted of a crime of violence for which the term of imprisonment ordered was at least one year and, therefore, he is considered to have been convicted of an aggravated felony.

As such the respondent is not eligible to apply for

A 41 958 275                    2                    February 12, 2004

BSK

relief from removal either in the nature of cancellation of
removal or voluntary departure.  And accordingly and for the
reasons set forth above the following order will be entered:

<u>ORDER</u>

IT IS HEREBY ORDERED that the respondent be removed
from the United States to Cape Verde on the basis of the charge
contained in the Notice to Appear as supplemented.


_____
LEONARD I. SHAPIRO,
Immigration Judge

A 41 958 275                          3              February 12, 2004

ATTACHMENT B



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Cooper, Mark                              **Office of the District Counsel/BO**
15 Court Square,                          P.O. Box 8728
Boston, MA 02108                          Boston, MA 02114


Name: *S-ROSA, RAUL MONTEIRO                    A41-958-275


                                   <u>D</u>ate of this notice: 07/12/2004

Enclosed is a copy of the Board's decision and order in the above-referenced case.

                        Sincerely,

                        Frank Krider
                        Acting Chief Clerk


Enclosure


Panel Members:
        MOSCATO, ANTHONY C.

**U.S. Department of Justice**
Executive Office for Immigration Review                Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:    A41-958-275 - BOSTON                                Date:

In re:   *S-ROSA, RAUL MONTEIRO

IN REMOVAL PROCEEDINGS                                    ⸢JUL⸣ 1 2 2004

APPEAL

ON BEHALF OF RESPONDENT:  Cooper, Mark

ORDER:

   PER CURIAM.  The Board affirms, without opinion, the results of the decision below.  The decision below is, therefore, the final agency determination.  *See* 8 C.F.R. § 1003.1(e)(4).

_Anthony C. Upcaro_
FOR THE BOARD

ATTACHMENT  C



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Cooper, Mark D., Esquire
15 Court Square
6th Floor
Boston, MA 02108-0000

Office of the District Counsel/BO
P.O. Box 8728
Boston, MA 02114

Name: *S-ROSA, RAUL MONTEIRO                    A41-958-275


<u>Date</u> of this notice: 11/16/2004

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Frank Krider
Acting Chief Clerk

Enclosure


Panel Members:
    PAULEY, ROGER

**U.S. Department of Justice**                Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041
================================================================================

File:    A41 958 275 - Boston                      Date:      NOV 1 6 2004

In re:   RAUL MONTEIRO ROSA a.k.a. George Rosa a.k.a. Jorge Rosa

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:  Mark D. Cooper, Esquire


    Now before the Board of Immigration Appeals is the respondent's motion to reopen filed on October 6, 2004.  The motion to reopen will be denied.

    This case was before the Board last on July 12, 2004, when we summarily affirmed an Immigration Judge's oral decision dated February 12, 2004.  In that oral decision, the Immigration Judge found the respondent removable as an aggravated felon; determined that he had not demonstrated eligibility for any relief from removal; and ordered him removed from the United States to Cape Verde.  The respondent's removability was based on his 2000 conviction for assault and battery on a police officer, for which crime he was sentenced to 18 months' imprisonment.

    In this motion, the respondent requests reopening because he has filed a "motion for new trial" in his criminal case.  He contends that, if that "motion for new trial" is granted, the basis for his removability will cease to exist.

    We find that the motion to reopen must be denied.  We note that the respondent's 2000 conviction is valid for immigration purposes, regardless of any pending collateral attack on the conviction in criminal court.  See section 101(a)(48) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(48).

    ORDER:  The motion to reopen is denied.


                         _____
                                FOR THE BOARD